United States District Court
for the Eastern District of Kentucky
Northen District at Covington

Stephanie Soper,
Bryan Soper

    Plaintiffs

vs.

Blackstone Financial Group, **LLC.**
2910 S Archibald Blvd. #A680
Ontario, CA 91761

and

Berks & Lewis Litigation Group, LLC.
Aka B&L Litigation Group
2910 S Archibald Blvd. #A680
Ontario, CA 91761

    Defendants

Case No.

---

Complaint Alleging Violation of the Fair Debt Collection Practices Act; Seeking Statutory and Actual Damages; Attorney Fees; Jury Demand

---

## Claim One

### Preamble

This suit is brought by Plaintiffs, husband and wife and residents of Campbell County, Kentucky pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. [hereinafter the "Act"]. It asserts numerous allegations of debt collection abuse committed by the Defendants named herein in connection with the collection of a debt originally incurred for personal, family and household purposes.

## Jurisdiction and Venue

1. Jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Venue is proper in this district because the consumers/debtors reside in this district and the conduct complained of primarily occurred in this district.

## Parties

2. Plaintiff, Stephanie Soper, [hereinafter "Stephanie"] is a resident of Campbell County, Kentucky and is a consumer as defined at 15 U.S.C. § 1692a(3) who was alleged by Defendants to owe on an account which, had it been incurred by Plaintiff, was primarily for household, family and personal purposes [hereinafter referred to as the "debt"].

3. Plaintiff, Bryan Soper, [hereinafter "Bryan"] is a resident of Campbell County, Kentucky and the husband of the Plaintiff, Stephanie Soper, who was subject to the many abuses of the Defendants and is a consumer as defined at 15 U.S.C. § 1692a(3).

4. Defendant, Blackstone Financial Group, LLC., [hereinafter "Blackstone] is a limited liability company incorporated in the state of Delaware but doing business primarily from Ontario, California at the registered address with the California Secretary of State of 2910 S. Archibald Blvd., Suite A680. Its primary business is the purchase of delinquent and defaulted debt and/or the collection of debt owed to others and is, therefore, considered to be a "debt collector" as the term is defined and understood in the Act at 15 U.S.C. 1692(a)(6).

- 2 -

5. Defendant, Berks & Lewis, LLC., aka B&L Litigation Group [hereinafter "B&L"] is a limited liability company incorporated in the state of Delaware but doing business primarily from Ontario, California at the registered address with the California Secy of State of 2910 S. Archibald Blvd., Suite A680. Its primary business is the collection of debts or accounts allegedly owed to Blackstone and possibly others and with whom it works closely and/or at the direction of Blackstone at the same address as registered with the California Secy of State and is, therefore, considered to be a "debt collector" as the term is defined in the Act at 15 U.S.C. 1692(a)(6).

6. Defendants regularly engage in and transact business in the state of Kentucky and other jurisdictions through the use of the United States mail, telephone or other instrumentality of interstate commerce is subject to the jurisdiction of this Court.

7. The debt in question, if owed by the Plaintiffs, was incurred for personal, household or family purposes.

## Specific Factual Allegations

8. Plaintiff, Stephanie Soper [hereinafter "Stephanie"] may have owed a debt to U.S. Bank which she incurred many years ago when she was in school [hereinafter the "debt"].

9. Upon reasonable belief this debt was purchased by or referred to Defendants for collection.

10. On or about January 9, 2015 Defendants telephoned the grandfather, the father and sister of Stephanie and, in each communication, referenced her debt in some manner. Voicemails were left on the phone of her sister and telephone contact was made directly with her father at his place of employment on his company telephone.

11. The telephone call received by Stephanie's father was from an individual posing as an "officer of the Court" or some other public official "attempting to serve a summons" on Stephanie "involving a lawsuit to be filed against her in connection with a debt". That individual refused provide a badge or id number when requested. However, a "case number" was left along with a telephone number for Stephanie to call.

12. When informed of the conversation between Defendants and her father that same day Stephanie, being upset and embarrassed, authorized her husband Bryan to telephone the number that Defendants left. When Bryan called he was directed to an individual named "Joseph Lee". Lee informed him that the debt was originally owed to U.S. Bank but failed to inform to whom the debt was currently owed. Lee further informed that the balance on the debt, as of January 9, 2015, was in excess of $2300 in spite of the fact that the credit limit on the account had only been $500.

13. Lee went on to state that the amount would soon increase to more $4000 and that Stephanie would be sued if not paid. When Bryan questioned how the amount could exceed $4000, Lee explained that the excess would consist of interest and "his fees."

14. Lee then offered to settle the entire debt for $980.22 (probably no more than what was actually owed) payable in 6 installments (twice a month) of $163.37. After due consideration Bryan telephoned the following day, January 10th, and agreed to the payment plan which required the automatic deduction of the funds from Plaintiffs' checking account on the 15th and 30th of each month. He still wasn't informed to whom the money was to be paid or the identity of the creditor.

15. That same day, Plaintiffs received an email from Defendants with an attachment confirming the payment agreement between themselves and the Defendants attached hereto as Plaintiffs' exhibit "A". This was the only written communication of any kind ever received from either of the Defendants. This communication lacked any information relative to whom the debt was owed, that anyone had the right to dispute the validity of the debt and/or, if requested in writing, that verification of the debt would be provided

16. Subsequently, on January 16, 2015 and January 30, 2015 payments were withdrawn from Plaintiffs' checking account. It was only at that time that Plaintiffs discovered from examination of their bank statement (not from Defendants) that payments went to Defendant Blackstone Financial Group.

17. On or April 10, 2015 Defendants, once again, telephoned Stephanie's father at his place of employment. The caller, again posing as an official of some kind, informed that he was "attempting to serve a summons and was unable to do so." The caller stated further that, referring to Stephanie, "she is going to miss her court date and be in trouble." There was no Court date.  Upon being informed of this contact Bryan telephoned Defendants for an explanation. He was informed that, through no fault of his own, Plaintiffs' payments were not withdrawn for the months of February or March. He was asked to re-confirm the agreement which would allow Defendants to continue to withdraw funds from the Plaintiffs' checking account. Brian agreed to do so only on the condition that the next payment not be withdrawn until April 30th to which Defendants agreed.

18. In spite of their agreement not to do so, Defendants immediately withdrew funds from the account which left Plaintiffs without funds for themselves and children until their next pay period.

19. As a direct and proximate result of Defendants' conduct the Plaintiffs in this action experienced extreme anxiety, stress and embarrassment for which they are entitled to both statutory and actual damages.

## Legal Assertions

20. Plaintiffs hereby incorporate each of the allegations contained in paragraphs 1-19 as if sully rewritten herein.

21. Without limiting the scope of any violation which may have been committed, Defendants' conduct described hereinabove constituted the following deceptive, unfair, unconscionable and abusive debt collection activities in violation of the Fair Debt Collection Practices Act:

(a) threatening to take action that could not be legally taken and/or it had no intention of taking in violation of 15 U.S.C.§ 1692e(5);

(b) communicating with third parties concerning the Plaintiff's debt without consent in violation of 15 U.S.C.§1692b(2) and 15 U.S.C.§1692c(b);

(c) using language and engaging in conduct which had the natural consequence of oppressing and abusing Plaintiff in violation of 15 U.S.C.§ 1692d(2);

(d) continuing to communicate with third persons more than once under the pretext of obtaining location information unless requested to do so in violation of 15 U.S.C.§1692b(3);

(e) falsely representing the character, legal status or amount of the debt or any amount which may be collected or sought to be collected by a debt collector in connection with the collection of a debt in violation of 15 U.S.C. §1692e(2)(A)&(B);

(f) attempting to collect a debt in which the amount is in excess of what is actually owed and/or which is not authorized by law or contract in violation of 15 U.S.C.§1692f(1);

(g) engaging in unconscionable and unfair debt collection practices which consisted, among other activities, of attempting to withdraw funds in violation of the agreement between the parties from Plaintiffs' personal bank account in violation of 15 U.S.C.§1692f;

(h) the failure to provide written notice to Plaintiffs of their right, among other rights, to dispute the debt and to demand validation of the debt in violation of 15 U.S.C. §1692g(a).

(i) communicating with third parties concerning the Plaintiffs and failing to properly identify themselves and, when asked, failing to identify their employer in violation of 15 U.S.C. §1692b(1);

(j) the false representation or implication that the caller is affiliated in any official governmental capacity in violation of 15 U.S.C. §1692e(1);

(k) the use of a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §1692e.(10);

(l) by using an unfair and unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.; and,

(m) the use of any business, company or organization name other than the true name of the debt collector's company name in violation of 15 U.S.C. §1692(e)(14).

**Prayer for Relief**

Plaintiffs prays for the following relief:

(a) for a judgment against the Defendants for statutory and actual damages in an amount they are able to prove;

(b) for reasonable attorney fees for all services performed by counsel in connection with the prosecution of this claim;

(c) for reimbursement for all costs and expenses incurred in connection with the prosecution of this claim;

(d) for a trial by jury on all appropriate issues; and,

(e) for any and all other relief this Court may deem appropriate.

Respectfully submitted by:

/s/*Steven C. Shane*
Steven C. Shane (0041124)
Trial Attorney for Plaintiff
P.O. Box 73067
Bellevue, Ky. 41073
(859) 431-7800
(859) 431-3100 facsimile
shanelaw@fuse.net